Cheryl A. MICHELS, Plaintiff–
Appellant,

v.

Michael J. ASTRUE, Commissioner
of Social Security, Defendant–
Appellee.

No. 07–1636–cv.

United States Court of Appeals,
Second Circuit.

Oct. 30, 2008.

Kenneth R. Hiller, Esq., Amherst, NY, for Appellant.

Kevin D. Robinson, Assistant United States Attorney, Karen M. Ortiz, Assistant Regional Counsel, Office of the General Counsel, Social Security Administration (on the brief), Barbara L. Spivak, Chief Counsel–Region II, Office of the General Counsel, Social Security Administration (of counsel), for Terrance P. Flynn, United States Attorney for the Western District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RICHARD C. WESLEY, Circuit Judge, and Hon. RICHARD J. ARCARA, District Judge.[1]

1. The Honorable Richard J. Arcara, District Judge, United States District Court for the Western District of New York, sitting by designation.

## SUMMARY ORDER

Cheryl A. Michels appeals from an order entered February 22, 2007 by the District Court for the Western District of New York (Skretny, *J.*) affirming a decision of the Commissioner of Social Security ("Commissioner") which denied Michels's claim for disability insurance benefits under the Social Security Act. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal. Michels argues that the Administrative Law Judge ("ALJ") failed to give her treating physician's opinion the requisite controlling weight in determining her residual functional capacity.

When a district court reviews a determination of the Commissioner, we "review the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Machadio v. Apfel,* 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).

Under the "treating physician" rule, "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence." *Shaw v. Chater,* 221 F.3d 126, 134 (2d Cir.2000); *see also* 20 C.F.R. § 404.1527(d)(2) ("If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight."). The deference accorded to a treating physician's opinion may, however, be reduced upon consideration of other factors, including the length and nature of the treating doctor's relationship with the patient, the extent to which the medical evidence supports the doctor's opinion, whether the doctor is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to support or contradict the opinion." 20 C.F.R. § 404.1527(d)(2)(i)–(ii) and (d)(3)–(6).

Michels asserts that the ALJ and the district court erred by failing to give Dr. Bogner's opinions—especially his 2004 assessment describing Michels's physical limitations and opining that she was disabled—the requisite "controlling weight." No such deference is required, however, "where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record...." *Halloran v. Barnhart,* 362 F.3d 28, 32 (2d Cir.2004). Dr. Bogner's assessments are called into question by other medical evidence in the record (*e.g.,* Dr. Landi's report of March 2003), as well as by the claimant's own self-reported activities and her failure to seek medical treatment until one year following her injuries.

Moreover, Dr. Bogner's reports are internally inconsistent. In March and May of 2003, Dr. Bogner called Michels "totally disabled", but in November 2003, Dr. Bogner indicated—in conjunction with Michels's adoption efforts—that her prognosis was good and she was "feeling well." He also stated that her back was "much improved", her "labs were normal", and that (with the exception of an occasional dose) she was "not on any of her pain [medications]." Less than one year later, in July/August 2004, Dr. Bogner again opined that Michels was disabled and had been unable to perform any substantial gainful activity since May of 2001, but indicated at the same time that she could

perform "a wide range of work at the light exertional level." "Consistency" is a factor in deciding the weight accorded to any medical opinion. 20 C.F.R. § 404.1527(d)(4). Given the inconsistencies here, the ALJ was free to discount Dr. Bogner's opinions in favor of a broader view of the medical evidence, notwithstanding Bogner's status as the "treating physician."

In any event, no deference is owed to the doctor's statement that Michels was "disabled." *See Green–Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir.2003). A statement by a doctor that an individual is "disabled" does not constitute a determination of disability within the meaning of the Social Security Act; the latter determination is a legal, not a medical, one. *See Shaw*, 221 F.3d at 131 ("The ALJ's decision must be guided by the relevant *legal* standards. To receive federal disability benefits, an applicant must be 'disabled' within the meaning of the [law]." (emphasis added)); *see also Green–Younger*, 335 F.3d at 106 (" 'A treating physician's statement that the claimant is disabled cannot itself be determinative.' ") (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir.1999)). A doctor's designation of a party as "disabled" begins the disability inquiry, it does not end it. It is up to the ALJ, the Commissioner, and the courts to decide whether, and to what extent, the claimant has met her burden in steps one through four of the Social Security evaluation process before granting benefits. To that extent, the treating physician's conclusions regarding Michels's "disability" are far less probative than his objective medical assessment of her specific capabilities and limitations, which indicated that she could perform light and sedentary work.

■ Finally, other evidence in the record provides substantial evidence to support the ALJ's findings. Michels did not seek medical care for her injuries until one year after she voluntarily left her job; her self-reported daily activities are extensive; and she applied for jobs as a child care worker and sought to adopt another child during the period for which she now claims benefits. Viewing this non-medical evidence in conjunction with the medical findings and the inconsistency of the treating physician's assessments, we are convinced that the ALJ's conclusion is supported by substantial evidence.

For the foregoing reasons, we hereby **AFFIRM** the judgment of the district court.