11-4756-cv
Micheli v. Astrue

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of October, two thousand twelve.

Present:
> AMALYA L. KEARSE,
> ROBERT A. KATZMANN,
> > *Circuit Judges*,
> JOHN GLEESON,
> > *District Judge*.[*]

_____

DAVID A. MICHELI, JR.,

> *Plaintiff-Appellant*,

> > v.                                                          No. 11-4756-cv

MICHAEL J. ASTRUE, Commissioner of Social Security,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                 Jaya Shurtliff, Law Offices of Kenneth Hiller, Amherst, N.Y.

---

[*] The Honorable John Gleeson, of the United States District Court for the Eastern District of New York, sitting by designation.

For Defendant-Appellee:          Rebecca H. Estelle, Special Assistant United States
                                 Attorney (Mary Ann Sloan, Acting Regional Chief
                                 Counsel – Region II, Office of the General Counsel,
                                 Social Security Administration, *on the brief*), *for*
                                 William J. Hochul, United States Attorney for the
                                 Western District of New York.


Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant David Micheli Jr. appeals from a September 13, 2011 judgment of the United States District Court for the Western District of New York (Telesca, *J.*) affirming the determination of an Administrative Law Judge ("ALJ") that Micheli was not disabled and therefore was ineligible for disability insurance benefits under the Social Security Act. Specifically, the ALJ found that, through the date last insured, Micheli had the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 404.1567(a), except that he must be allowed to stand for a few minutes after sitting for one hour. App. 14. On appeal, Micheli contends that the ALJ erred by failing to accord controlling weight to the medical opinion of Micheli's treating physician Dr. Jerry J. Tracy III and by failing to comply with the appropriate legal standards in assessing his credibility. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

In reviewing the denial of Social Security benefits by the Commissioner, we "conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)

2

(internal quotation marks omitted). "It is not our function to determine *de novo* whether [a plaintiff] is disabled." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "we set aside an ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks and brackets omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37 (internal quotation marks omitted).

An individual is "considered to be disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Regulations enacted by the Social Security Administration set forth a sequential five-step analysis for evaluating whether an individual's impairment meets this definition of disability.

> The first step in the process requires the Secretary to ascertain whether the claimant is currently engaged in "substantial gainful activity." . . . If the applicant is not engaged in such activity, the second step requires a decision whether the claimant's medical condition or impairment is "severe," *i.e.*, one that significantly limits his ability to work. . . .
>
> If the impairment is severe, step three requires a determination of whether the damage is of sufficient gravity to meet or equal the definitions found in the Listing of Impairments (the "Listings"). *See* 20 C.F.R. Part 404, Subpt. P, App. 1 (1987). . . . If, however, a claimant has a severe impairment that is not considered *per se* disabling under the Listings, step four compels the Secretary to ascertain his residual functional capacity ("RFC"), a measure of employment capabilities. . . . If the applicant is unable to perform his past work, he is then evaluated at the fifth step in the process, which requires a finding of whether, given his functional ability (RFC), age, education and past work experience, he could perform other jobs that exist in the national economy.

*State of N.Y. v. Sullivan*, 906 F.2d 910, 913 (2d Cir. 1990).

3

We begin with Micheli's contention that the ALJ erroneously failed to accord controlling weight to the medical opinion of his treating physician, Dr. Jerry Tracy. A treating physician's opinion is accorded "controlling weight" when it is "well[]supported by medically acceptable clinical and laboratory techniques and is not inconsistent with the other substantial [record] evidence." 20 C.F.R. § 404.1527(c)(2). Nevertheless, "[a] treating physician's statement that the claimant is disabled cannot itself be determinative." *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). It is the Commissioner who is "responsible for making the determination or decision about whether [the claimant] meet[s] the statutory definition of disability." 20 C.F.R. § 404.1527(d)(1). Moreover, the deference accorded to a treating physician's opinion may be reduced upon consideration of other factors, including the length and nature of the treating doctor's relationship with the patient, the extent to which the medical evidence supports the doctor's opinion, whether the doctor is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to . . . contradict the opinion." 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6); s*ee also Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) ("Although the treating physician rule generally requires deference to the medical opinion of a claimant's treating physician, the opinion of the treating physician is not afforded controlling weight where, as here, the treating physician issued opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts.") (citation omitted). A physician's opinions are given less weight when his opinions are internally inconsistent. *See, e.g.*, *Michels v. Astrue*, 297 F. App'x 74, 75 (2d Cir. 2008) (summary order).

Upon our review of the record, we conclude that the ALJ properly declined to accord controlling weight to the opinion of Dr. Tracy. As an initial matter, Dr. Tracy's assessments of

4

Micheli's "disability status"[1] are not determinative because it is the responsibility of the Commissioner to make the ultimate decision as to whether the claimant has a "disability" under the statute. *See* 20 C.F.R. § 404.1527(d)(1). Moreover, Dr. Tracy's opinions were internally inconsistent and inconsistent with other substantial record evidence. For example, in his retrospective assessment dated March 5, 2010,[2] Dr. Tracy asserted that, during the course of an eight-hour work day, Micheli could sit for only 15 minutes continuously and for two hours total; stand or walk for only 15 minutes continuously and for two hours total; and rest for up two hours per day. App. 494-96. However, at the same time, Dr. Tracy noted that it was not medically indicated for Micheli to either alternate positions or rest. *Id.* These restrictions are inconsistent on their face.[3] Additionally, Dr. Tracy's assertion that Micheli could not sit, stand or walk for more than 15 minutes was not supported by the evidence in the record. Dr. Tracy never reported observing Micheli experience any difficulty sitting during the relevant period; nor did he ever observe Micheli arrive for treatment in acute distress, despite the fact that he drove over forty minutes to his appointments and claimed to be a "mess" as a result. *See* App. 34, 306, 414, 439, 442, 445. Further, there are a number of findings by other treating physicians, and even by Dr. Tracy himself, that contradict this restrictive assessment. Treatment reports, for instance,

[1] *See, e.g.*, App. 487 (opining to the New York Workers' Compensation Board that Micheli is "markedly disabled at 75%" and "totally disabled in regards to his employment" under the state system).

[2] Micheli's "date last insured" is March 31, 2006.

[3] According to this assessment of his residual functional capacity, Micheli could spend only six hours in an eight-hour day sitting, standing/walking, and resting, with no other postures left to occupy the other two hours. Additionally, if Micheli cannot remain seated, standing, or walking for more than 15 minutes at a time, he will necessarily have to alternate positions, contrary to Dr. Tracy's finding that alternating positions was not medically indicated.

revealed essentially normal neurological function as evidenced by full or nearly full motor strength, symmetrical reflexes, and intact sensation. *See* App. 232, 299, 302, 307, 410-11, 416, 423, 434, 436, 439, 442, 445, 447.[4] While a 2005 discogram elicited a subjective pain response, it was fluoroscopically normal, and a contemporaneous CAT scan showed only minimal-to-mild diffuse disc bulge at the L4-5 with minimal impingement on the thecal sac and no stenosis at the L5-S1 prosthesis. *See* App. 221-22, 241.

Additionally, other evidence in the record provides substantial evidence to support the ALJ's finding that Micheli could perform sedentary work. Dr. Yu, a state agency physician, concluded that Micheli could lift 20 pounds occasionally and 10 pounds frequently and walk and/or stand six hours with normal breaks in an eight-hour workday, which was consistent with an ability to do light work. App. 326. It was not error for the ALJ to give this opinion some weight. *See Diaz v. Shalala*, 59 F.3d 307, 313 n.5 (2d Cir. 1995) (noting that the applicable regulations "permit the opinions of nonexamining sources to override treating sources' opinions provided they are supported by evidence in the record"); *see also Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993). Micheli also reported to Dr. Tracy and the other examiners that his back pain was fairly well-controlled with medication without significant side effects, *see* App. 301, 410, 438, 441, 444, and that he performed light-to-moderate activity, *see* App. 416, 434, 447. Viewing this evidence in conjunction with the medical findings and the inconsistency of Dr. Tracy's assessments, we conclude that the ALJ properly discounted Dr. Tracy's opinion and that the ALJ's determination is supported by substantial evidence.

---

[4] Dr. Tracy also regularly noted that Micheli appeared "healthy and well developed." *See* App. 414, 439, 442, 445.

Micheli argues that to the extent Dr. Tracy's opinion was unsupported or internally inconsistent, the ALJ was required to re-contact Dr. Tracy for clarification. This argument is without merit. The mere fact that medical evidence is conflicting or internally inconsistent does not mean that an ALJ is required to re-contact a treating physician. Rather, because it is the sole responsibility of the ALJ to weigh all medical evidence and resolve any material conflicts in the record where the record provides sufficient evidence for such a resolution, the ALJ will weigh all of the evidence and see whether it can decide whether a claimant is disabled based on the evidence he has, even when that evidence is internally inconsistent. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("We therefore are presented with the not uncommon situation of conflicting medical evidence. The trier of fact has the duty to resolve that conflict."); *Rosa*, 168 F.3d at 79 n.5 ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim.") (internal quotation marks omitted). Here, the ALJ properly determined that he could render a decision based on the 500-page record already before him despite the discrepancies in Dr. Tracy's assessment.

Finally, Micheli argues that the ALJ erred by failing to comply with the appropriate legal standards in assessing his credibility. However, Micheli waived this argument by failing to raise it before the district court. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("Although claimants in Social Security cases are not subject to some issue exhaustion requirements, at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review.") (citation omitted). Additionally, this argument is without merit in any event because the ALJ

7

complied with 20 C.F.R. § 404.1529 and SSR 96-7p, Policy Interpretation Ruling Titles II and

XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's

Statements, July 2, 1996 (SSA 1996), in determining that Micheli's testimony concerning his

subjective experience of pain was not fully credible.

We have considered Micheli's remaining arguments and find them to be without merit.

For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK